IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MARK EDWARD BERRY §
§
Plaintiff, §
§
VS. § NO. 3-09-CV-0064-L
§
LEE BARRETT WESTMORELAND §
§
Defendant. §

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Mark Edward Berry, a Texas prisoner, against his former attorney, Lee Barrett Westmoreland. On January 12, 2009, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. The court now determines that this case should be summarily dismissed.

II.

In 2006, plaintiff was convicted of aggravated sexual assault of a child and indecency with a child. He is currently serving a life sentence in the TDCJ-CID. Plaintiff now contends that he received ineffective assistance of counsel because his attorney, Lee Barrett Westmoreland, failed to

investigate the case, refused to call any witnesses, and did not appeal his convictions. By this suit, plaintiff seeks unspecified damages and another trial.

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

(1) is frivolous or malicious;

(2) fails to state a claim on which relief may be granted; or

(3) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). In order to state a claim on which relief may be granted, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). While a complaint does not need detailed factual allegations, the plaintiff must allege more than "labels," "conclusions," and "formulaic recitation[s] of the elements of a cause of action[.]" *See Twombly*, 127 S.Ct. at 1964-65. "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.* at 1965. The court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007), *cert. denied*, 128 S.Ct. 1231 (2008).

B.

Plaintiff has failed to state a cognizable federal civil rights claim against his former attorney. Neither appointed counsel nor retained counsel acts "under color of state law" in representing a

defendant in the course of a criminal proceeding. *See Polk County v. Dodson*, 454 U.S. 312, 324-25, 102 S.Ct. 445, 453, 70 L.Ed.2d 509 (1981); *Combs v. City of Dallas*, 289 Fed.Appx. 684, 687, 2008 WL 2831267 at *2 (5th Cir. Jul. 23, 2008). Because Westmoreland is not a "state actor," he cannot be sued for civil rights violations under 42 U.S.C. § 1983.[1]

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 14, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[1] To the extent plaintiff challenges the validity of his convictions and the duration of his confinement, his complaint must be construed as an application for writ of habeas corpus under 28 U.S.C. § 2254. *Jackson v. Torres*, 720 F.2d 877, 879 (5th Cir. 1983). However, it appears that plaintiff has not presented his ineffective assistance of counsel claim to the Texas Court of Criminal Appeals in an application for post-conviction relief under Article 11.07 of the Texas Code of Criminal Procedure. Unless and until plaintiff exhausts his available state remedies, he may not seek federal habeas relief. *See Murphy v. Quarterman*, No. 3-08-CV-0749-D, 2008 WL 4937379 at *1-2 (N.D. Tex. Nov. 14, 2008).